# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4326 | **DATE** | 3/19/2013 |
| **CASE TITLE** | UNITED STATES *ex rel.* MILAGROS PEREZ v. MICHAEL P. WILLIAMS | | |

**DOCKET ENTRY TEXT**

Plaintiff Milagros Perez's petition for attorney's fees and costs [52] is granted in part and denied in part. She may recover $32,795.00 in attorney's fees and $1,023.17 in costs from defendant Michael Williams for a total award of $33,818.17. **SEE BELOW FOR DETAILS.**

*/s/ Suzanne B. Conlon*

■ [For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On July 30, 2008, Milagros Perez filed a complaint against Michael Williams claiming he collected excess amounts from her for her security deposit and monthly rent in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, the Chicago Residential Landlord and Tenant Ordinance ("Ordinance"), and Illinois law. The United States declined to intervene in the lawsuit. On November 6, 2012, the court entered an order of default against Williams after multiple unsuccessful service attempts by Perez. On November 29, 2012, the court found Williams committed 26 separate violations of the False Claim Act, violated § 5-12-080 of the Ordinance, violated the tenancy addendum attached to Perez's lease, and accepted $6,927.61 from Perez in excess of the amount of rent and security deposit he was entitled to accept from her. A judgment of default was entered against him. Perez was awarded damages, including $90,206.10 representing 30% of the civil penalties and damages awarded to the United States under the False Claims Act and $6,944.28 in statutory and actual damages under the Ordinance.

The False Claims Act allows a qui tam plaintiff to recover reasonable expenses, attorney's fees, and costs. 31 U.S.C. § 3730(d)(2). As a prevailing plaintiff in an action based on the Ordinance, Perez may recover "all court costs and reasonable attorney's fees." CLRTO § 5-12-180. Perez timely submitted a petition seeking $36,737.50 in attorney's fees and $1,023.17 in costs from Williams based on the False Claims Act and the Ordinance. Defendant has not objected to the petition.

The district court's analysis of reasonable attorney's fees begins with the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). The lodestar figure may be adjusted to reflect factors such as the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. *Id.* Perez seeks $21,487.50 for the 57.3 hours that attorney Richard Wheelock worked on this case;

| | Courtroom Deputy Initials: | MG |
|---|---|---|

$9,337.50 for the 24.90 hours attorney Vivian Hessel worked on the case; and $5,912.50 hours for the 21.5 hours attorney Jenna Miara worked on the case. In gauging a reasonable hourly rate, the district court looks to the prevailing market rate in the community, which in this case is Chicago. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). According to Miriam Hallbauer, an attorney at Legal Assistance Foundation ("Foundation") who has served on the Foundation's Attorneys' Fees Committee, the Foundation was restricted by federal statute until December 2009 from collecting fees in fee-shifting cases. Dkt. No. 52-4, Ex. D, Hallbauer Aff. ¶ 2. The Foundation uses information obtained from other non-profit agencies in Chicago who perform similar work as the Foundation, private firms who engage in fee-shifting litigation, and existing case law to devise its schedule of rates based on an attorney's years of experience beginning with the year the attorney graduated from law school. *Id.* ¶¶ 5-6.

Mr. Wheelock received his law degree in 1982. Dkt. No. 52-1, Ex. A, Wheelock Aff. ¶ 1. He is the current Director of Advocacy at the Foundation and a former lecturer at the University of Chicago Law School on the subject of poverty and housing law. *Id.* ¶¶ 2, 4. He has significant experience litigating public housing and landlord-tenant cases. *Id.* ¶¶ 7-8. He performed work on Perez's case between 2010 and 2012, when he had 28 to 30 years of legal experience. According to the Foundation's January 2012 fee schedule, which is the only year for which the Foundation has provided a fee schedule, Mr. Wheelock's hourly rate would have been $375 for the three years he worked on the case based on his number of years of experience during each of those years. This hourly rate is not unreasonable for a Chicago attorney with his experience. However, his time records show he performed several tasks that are more properly performed by attorneys with lesser skill levels, paralegals, or support staff, including mailing and confirming receipt of FedEx packages, uploading and printing orders, scanning and preparing exhibits and cost receipts, and downloading timekeeping logs and case management notes. Accordingly, the court reduces Mr. Wheelock's total hours by 5.2 hours. The court further notes that Mr. Wheelock spent a total of 2.6 hours drafting the second, third, and fourth motions to extend the time for service. These motions reflect minimal changes from the first motion to extend the time for service. The court shall discount the time spent on these motions by half, which reduces Mr. Wheelock's time by an additional 1.3 hours. In total, Mr. Wheelock's time is reduced by 6.5 hours. Perez may recover $19,050.00 in total for the work performed by Mr. Wheelock.

Ms. Hessel received her law degree in 1989. Dkt. No. 52-2, Ex. B, Hessel Aff. ¶ 1. She is the current Director of Technology for Advocates at the Foundation and has spent 21 years as a litigator with significant trial and appellate experience. *Id.* ¶¶ 2-3, 5. She performed work on Perez's case in 2007, 2008, and 2012, when she had 18, 19, and 23 years' experience, respectively. According to the Foundation's 2012 fee schedule, only Ms. Hessel's hours from 2012 would be compensable at an hourly rate of $375. Her hours from 2007 and 2008 are compensable at $350 based on her number of years of experience during those years. The court finds that an hourly rate of $350 for work performed in 2007 (7.3 hours) and 2008 (8.5 hours) and $375 for work performed in 2012 (9.1 hours) is not unreasonable for a Chicago attorney with her experience. Perez may recover $8,942.50 in total for the work performed by Ms. Hessel.

Ms. Miara received her law degree in 2004. Dkt. No. 52-3, Ex. C, Miara Aff. ¶ 1. Although her rate in 2012 would have been $275 per hour, she performed work on Perez's case from 2006 to 2010, when she had 2 to 6 years' experience. Based on the fee schedule provided, Ms. Miara's hours in 2006 (4.1 hours) shall be compensated at $200 per hour, her hours in 2007 (9.5 hours) and 2008 (5.2 hours) shall be compensated at $225 per hour, and her hours in 2009 (2.2 hours) and 2010 (0.5 hours) shall be compensated at $250 per hour. The court finds these hourly rates are not unreasonable for a Chicago attorney with her experience. Perez may recover $4,802.50 in total for the work performed by Ms. Miara. Accordingly, the court finds that an award of attorney's fees in the amount of $32,795.00 for work performed by Mr. Wheelock, Ms. Hessel, and Ms. Miara is

| STATEMENT |
|---|

reasonable and that no adjustment is necessary due to the complexity of the case, the degree of success, or the public interest served by the litigation.

     Perez requests costs in the amount of $1,023.17. These costs consist of $46.00 for filing court documents for service of process, $350.00 for private investigative services to locate defendant for purposes of service of process, $482.25 for special process servers, and $144.92 in package delivery services. Dkt. 52-5, Ex. E, Litigation Costs Table. No objection to these costs has been filed. The court finds these costs reasonable and necessary for the prosecution of the case and awards them to plaintiff.

*Suzanne B. Conlon*